

**SIGNED this 16th day of September, 2011**

_Shelley D. Rucker_
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

In re:

CHARMIN LYNNETTE TURNER,                          No. 09-15230
                                                  Chapter 13

         Debtor;

CHARMIN LYNNETTE TURNER,

         Plaintiff,

v.                                                Adversary Proceeding
                                                  No. 11-1092

AMERICAN EXPRESS CENTURION BANK

         Defendant.

**MEMORANDUM**

Defendant American Express Centurion Bank ("American Express" or "Defendant")

moves to dismiss this adversary proceeding.  [Doc. No. 8].[1]  Plaintiff debtor Charmin Lynnette

Turner ("Plaintiff" or "Debtor") has failed timely to respond to the motion to dismiss.  This court's

---

[1] All citations to the court's docket entries are for the docket pertaining to Adversary
Proceeding 11-1092, unless otherwise noted.

local rules provide that "[a] failure to respond timely will be construed to mean that the

respondent does not oppose the relief requested by the motion."  Bankr. E.D. Tenn. L.R. 7007-

1(a).  The court has reviewed the briefing filed by the parties, the pleadings at issue, and the

applicable law and makes the following findings of fact and conclusions of law pursuant to Fed.

R. Bankr. P. 7052.

### I.   Background

The Plaintiff Debtor filed her voluntary Chapter 13 bankruptcy petition on August 19,

2009.  *See* [Bankr. Case No. 09-15230, Doc. No. 1].  On her Schedule F the Debtor listed

American Express as an unsecured creditor with a claim of $3,780.25.  *See id.* at p. 23.

American Express filed a proof of claim in the Plaintiff's bankruptcy case on October 2, 2009.

[Bankr. Case No. 09-15230, Claim 14-1].[2]  The Defendant listed "credit card debt" as the basis

of the claim, and it asserted an amount due of $5,478.62.  *Id.*  Attached to the Proof of Claim

was a credit card statement dated June 12, 2009 describing an amount past due in the Debtor's

American Express credit card account.  *Id.* at p. 2.  The amount past due indicated $5,478.62

was overdue and was the minimum payment due on the Debtor's account.

On June 22, 2011 the Plaintiff filed her Complaint Seeking Damages in Core Adversary

Proceeding (Objection to Proof of Claim – No Supporting Documentation, Statute of Limitations)

("Complaint") in this adversary proceeding. [Doc. No. 1].  On June 24, 2011 she filed an

Amended Complaint. [Doc. No. 3, Amended Complaint ("Amended Complaint")].  The Amended

Complaint asserts three causes of action: (1) a claim for violation of the automatic stay; (2)

failure to comply with Fed. R. Bankr. P. 3001(c); and (3) violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 ("FDCPA").  The Amended Complaint alleges that the

---

[2] It also appears that Claim 10-1 is a Proof of Claim that is identical to Proof of Claim 14
filed by the Defendant.  However, the Defendant's motion to dismiss only references Claim 14,
so the court assumes that the Defendant is not pursuing two separate claims against the
Plaintiff.

Defendant "is attempting by fraud, deceit and abuse of the bankruptcy process to receive disbursements from the property of the Debtor's estate in bankruptcy in order to increase its profits." Amended Complaint, ¶ 22. Her first cause of action alleges that the Defendant's actions "in filing an improper Proof of Claim in this case, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3)." *Id.* at ¶ 28. She seeks actual damages, punitive damages, and legal fees on her first claim. She further asserts in her second claim that the Defendant's proof of claim is "fatally defective" because it fails to comply with Fed. R. Bankr. P. 3001(c). *Id.* at ¶ 31. With respect to her FDCPA claim, the Plaintiff asserts that "Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . ." *Id.* at ¶ 34. The Plaintiff seeks actual damages, as well as punitive damages and legal fees. In her Amended Complaint, the Plaintiff contends that the action is primarily a core proceeding, but states that "in the event this case is determined to be a non-core proceeding . . . the Plaintiff consents to the entry of a final order by the Bankruptcy Judge." *Id.* at ¶ 8.

On July 28, 2011 the Defendant filed its motion to dismiss. [Doc. No. 8].    In its memorandum filed in support of the motion to dismiss the Defendant admits that this "matter is a core proceeding" and that "[t]o the extent that it is determined not to be a core proceeding, American Express consents to entry of final judgment by the bankruptcy court." [Doc. No. 8-1, p. 2].

## II.    Standard of Review

Federal Rule of Bankruptcy Procedure 7012(b) states that Federal Rule of Civil Procedure 12(b) applies to adversary proceedings. *See* Fed. R. Bankr. P. 7012(b). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)).  In addition, a court must construe all allegations in the light most favorable to the plaintiff.  *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007).  The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

### III.    Analysis

This court has recently issued a memorandum opinion dismissing another adversary proceeding, *Poteet v. eCast Settlement Corp.*, that is substantially similar to this proceeding. *See* [Adv. Proc. No. 11-1081, Doc. Nos. 7, 8, Judge Cook Memorandum and Order].  In the opinion granting the dismissal, the court addresses the same three claims of the Plaintiff here. The court finds the *Poteet* decision a useful starting point for an analysis of this Plaintiff's claims.

### A.    Plaintiff's First Claim for Violation of the Automatic Stay

Plaintiff's First Claim for Relief asserts that the Defendant violated the automatic stay, 11 U.S.C. § 362(a)(3).  Section 362 provides that a bankruptcy petition "operates as a stay, applicable to all entities" and "generally prohibits attempts to collect prepetition debts against the debtor or the debtor's property or attempts to enforce liens and other interests against property of the bankruptcy estate."  *Poteet v. eCast Settlement*, Adv. Proc. No. 11-1081, Doc. No. 7.  As this court determined in *Poteet*, this court also concludes that the Defendant's filing of

a proof of claim in the Plaintiff's bankruptcy case does not violate the automatic stay of 11

U.S.C. § 362.

The case law that discusses this issue is clear; a creditor's filing of a proof of claim is not

a violation of the automatic stay.  In its analysis of Section 362, the Fifth Circuit noted:

> None of these sections bars a creditor's filing a Proof of Claim pursuant to
> Section 501 of the Bankruptcy Code.  We find no precedents in which a court has
> held that asserting a right to payment in a Proof of Claim constitutes a violation of
> the automatic stay.  In fact, a number of courts, including the District of Columbia
> Circuit, have found that an automatic stay has no effect on actions that are
> expressly allowed under the Bankruptcy Code.

*Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 (5th Cir. 2008) (citing *United*

*States v. Inslaw, Inc.*, 932 F.2d 1467, 1474 (D.C. Cir. 1991)).  Indeed, as the Fifth Circuit noted

in *Campbell*, 11 U.S.C. § 501(a) provides that a creditor may file a proof of claim and 11 U.S.C.

§ 101(5) defines the term "claim" to include even disputed, unmatured or contingent rights to

payment.  *See* 11 U.S.C. §§ 501(a), 101(5); *Campbell*, 545 F.3d at 356.

In *In re Sammon*, a case relied upon by this court in *Poteet*, the bankruptcy court noted

that "[t]he filing of a Proof of Claim before a bankruptcy court, which is in control over the

process of administering the property of the bankruptcy estate, is the logical equivalent of a

request for relief from the automatic stay, which cannot in itself constitute a violation of the stay

pursuant to § 362(h)."  253 B.R. 672, 681 (Bankr. D.S.C. 2000).  The *In re Sammon* court

addressed the debtors' claim that the IRS' filing of a proof of claim that did not reflect taxes that

had recently been paid by the debtors violated the automatic stay.  The bankruptcy court

reminded the debtors that the filing of a proof of claim "is expressly provided for by

Fed.R.Bankr.P. 3002 and is necessary for a creditor to protect its interests in a Chapter 13

case." *Id.* at 680.

In *Kerney v. Capital One Financial Corp. (In re Sims)*, this court relied on *In re Sammon*

in addressing whether a creditor's filing of proofs of claim in improper amounts violated the

automatic stay.  278 B.R. 457, 471 (E.D. Tenn. 2002).  In determining that the filing of even

inaccurate proofs of claim did not violate the automatic stay, this court reasoned, "'the automatic

stay serves to protect the bankruptcy estate from actions taken by creditors outside the

bankruptcy court forum, not legal actions taken within the bankruptcy court.'  Stated differently,

'the stay does not operate against the court with jurisdiction over the bankrupt.'"

*Id.* (quoting *In re Sammon*, 253 B.R. at 680; *Robert Christopher Assocs. v. Franklin Realty*

*Group, Inc. (In re FRG, Inc.)*, 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990)). The court concluded

that even inaccurate proofs of claim by the creditor, as alleged by the plaintiffs, did not violate

the automatic stay.  This court then reviewed cases involving similar claims of violations of the

automatic stay and concluded that "[e]very other court considering the issue in a reported

decision has reached a similar conclusion." *In re Sims*, 278 B.R. at 472 (citing *Inslaw, Inc.*, 932

F.2d 1467; *Nelson v. Providian Nat'l Bank (In re Nelson)*, 234 B.R. 528, 534 (Bankr. M.D. Fla.

1999); *In re Fiedel Country Day School*, 55 B.R. 229, 230 (Bankr. E.D.N.Y. 1985)) (other

citations omitted).  Based on the consensus from this court and other courts around the country

that the filing of a proof of claim, even an inaccurate proof of claim, does not violate the

automatic stay, the court concludes that the Plaintiff's first cause of action for violation of the

automatic stay is without merit.  For this reason, the Defendant's motion to dismiss the Plaintiff's

claim for violation of the automatic stay will be GRANTED, and the Plaintiff's claim will be

DISMISSED.

**B.      Plaintiff's Second Claim for Failure to Comply with Fed. R. Bankr. P. 3001(c)**

Plaintiff's second cause of action asserts that the Defendant violated Fed. R. Bankr. P.

3001(c).  That rule states in relevant part, "[w]hen a claim, or an interest in property of the

debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the

proof of claim." Fed. R. Bankr. P. 3001(c).  The Plaintiff asserts that "[t]he sworn Proof of Claim

was not supported by any written documents, notes, credit applications, account statements, or

any other type of written or printed document as required by Rule 3001(c)."  Amended

Complaint, ¶ 18.  This court also addressed a similar claim in *Poteet*. [Adv. Proc. No. 11-1081,

Doc. No. 7, pp. 5-6].

In *Rogers v. B-Real, L.L.C. (In re Rogers)*, the bankruptcy court concluded that "as a

matter of law, the debtors do not have a private right of action under section 105 against [the

defendant] for filing proofs of claim for time-barred debts." 391 B.R. 317, 323 (Bankr. M.D. La.

2008), *rev'd on other grounds*, 405 B.R. 428 (M.D. La. 2009).  That court was persuaded by the

decisions of several other courts that concluded that "section 105 does not provide a private

right of action for damages for filing a false proof of claim."  391 B.R. at 323 (citing *In re Kmart

Corp.*, 2006 WL 952042 at *16 (Bankr. N.D. Ill. 2006); *In re Yancey*, 301 B.R. 861, 868-69

(Bankr. W.D. Tenn. 2003)) (other citations omitted).   In *Poteet* this court agreed with the *In re

Rogers* decision.

In addition, even if a creditor fails to provide sufficient supporting documentation with a

proof of claim, the result is not a cause of action against the creditor, but rather the loss of the

creditor's prima facie presumption of validity for its proof of claim.  This court discussed this

issue at length in *In re Kemmer.*  315 B.R. 706 (Bankr. E.D. Tenn. 2004).  In that case the

debtors filed nine objections to the claims of several creditors, many of whom were credit card

account holders.  *Id.* at 709.  The debtors sought disallowance of the creditors' claims because

the creditors failed to meet the requirements of Fed. R. Bankr. P. 3001(c) and file supporting

documentation of the claim.  In explaining the claims allowance process, the bankruptcy court

reviewed the shifting burdens of proof:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C. §
> 502(a) rests on different parties at different times.  Initially, the claimant must
> allege facts sufficient to support the claim.  If the averments in his filed claim
> meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim
> that alleges facts sufficient to support a legal liability to the claimant satisfies the
> claimant's initial obligation to go forward.  The burden of going forward then shifts
> to the objector to produce evidence sufficient to negate the prima facie validity of

the filed claim.

*Id.* at 713 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  However,

the court cautioned that "'failing to attach the writing required by Bankruptcy Rule 3001(c) 'does

not automatically invalidate the claim; it does, however, deprive the claim of *prima facie* validity

under Bankrutpcy Rule 3001(f).'  Without this presumption of validity, the burden of proving the

existence and amount of the claim falls to the claimant; however, this initial burden is fulfilled by

the presentation of any evidence of the claim." *In re Kemmer*, 315 B.R. at 713 (quoting *In re

Cluff*, 313 B.R. 323, 337 (Bankr. D. Utah 2004)) (other quotations omitted).  The court noted that

a proof of claim based on a credit card account did require the attachment of supporting

documentation pursuant to Fed. R. Bankr. P. 3001(c).  *In re Kemmer*, 315 B.R. at 714.  The

bankruptcy court relied on the guidelines provided in *In re Cluff* regarding what information

should be supplied in supporting documentation relating to credit card debt:

> A credit card or consumer credit account creditor that attaches to its proof of
> claim a copy of the monthly statement generated for the debtor's account at the
> time of the bankruptcy filing will be entitled to prima facie status, as long as the
> statement evidences the debtor's name, account number, account balance as of
> the date of the bankruptcy filing, previous balance, finance or other charges for
> that period, and the annual percentage rate charged on the account.  It is not
> necessary, however, for the creditor to attach a copy of the actual account
> agreement, as the court recognizes that credit card and consumer credit
> accounts are initially opened by virtue of these account agreements, whereby the
> creditor may charge interest on any outstanding balance, in addition to late fees,
> over-the-limit fees, cash advance fees, and the like.
>
> The failure to attach a monthly account statement or a similar computer-
> generated account summary, evidencing the required account information, will
> result in the loss of the creditor's prima facie presumption of validity.  This does
> not, however, automatically result in disallowance based upon a groundless
> objection.  Instead, as long as the creditor has presented some evidence to
> substantiate the claim, the objecting party must have a basis for challenging the
> validity of the claim.

*Id.* at 716 (citing *Cluff*, 313 B.R. at 339-40).

The Sixth Circuit has also explained that failure to comply with Fed. Rule. Bankr. P.

3001(c) does not result in sanctions.  In discussing a creditor's flawed proof of claim in *B-Line,*

*LLC v. Wingerter (In re Wingerter),* the Sixth Circuit noted that "[t]his deficiency violated Rule

3001(c) of the Federal Rules of Bankruptcy Procedure, which requires that a proof of claim

based on a writing include a copy of that writing.  The ramifications for this type of violation are

well-established, however, and do not result in sanctions."  594 F.3d 931, 941 (6th Cir. 2010).

In this case the Defendant filed the most recent account statement with its Proof of

Claim.  *See* [Bankr. Case No. 09-15230, Claim 14-1].  The account statement includes the

Plaintiff's name, redacted account number, previous balance, minimum amount due, annual

percentage rate, and finance charge.  The Plaintiff's Schedule F admits that the Defendant is a

creditor.  She asserts that American Express' claim should be $3780.25. [Bankr. Case No. 09-

15230, Doc. No. 1, Schedule F, p. 23].  On the account statement provided by the Defendant,

the previous balance is divided into two separate categories: (1) the "Due in Full" amount of

$3,485.67 and (2) the "Flexible" amount of $1,992.95.  It is unclear how the two separate

categories were calculated from the documentation provided, but the "Due in Full" amount

appears to be similar to what the Plaintiff admits in her Schedule F that she owes the

Defendant.  It is possible that the "Flexible" amount is an interest calculation, and the parties

only dispute the accuracy of such calculation.

Based on the authorities outlined above, as well as this court's decision in *Poteet*, the

court concludes that no private right of action exists for a failure to comply with Fed. R. Bankr.

P. 3001(c).  Further, the court concludes that no sanctions apply here either where the

Defendant has provided a recent account statement in support of its claim of credit card debt.

Even if the account statement fails to detail necessary information such as interest charged,

monthly charged amounts, and whether legal fees are included, sanctions are not the

appropriate response to a deficient proof of claim.  The Plaintiff has the option of objecting to

the amount listed in the proof of claim and asserting her position through the objections to claim

process rather than through this adversary proceeding.  The Bankruptcy Code provides that a

claim may be one that is disputed.  *See* 11 U.S.C. § 101(5)(A).  Therefore, Plaintiff's claim for

violation of Fed. R. Bankr. P. 3001(c) will be DISMISSED.

        **C.**        **Plaintiff's Third Claim for Violation of the Fair Debt Collection Practices Act**

The Plaintiff claims that the Defendant's filing of its Proof of Claim violated the FDCPA,

specifically 15 U.S.C. § 1692(d).  In its decision in *Poteet* this court concluded that a similar

claim for violation of the FDCPA was without merit. [Adv. Case No. 11-1081, Doc. No. 7, p. 7].

This court agreed with the Second Circuit case of *Simmons v. Roundup Funding, LLC* and

noted several other bankruptcy cases that concluded that the filing of a proof of claim does not

violate the FDCPA.  *Id.* at p. 8 (citing 622 F.3d 93, 95-96 (2d Cir. 2010)).  In *Simmons* the

Second Circuit held that "an inflated proof of claim filed by a creditor in [a] bankruptcy

proceeding" "cannot form the basis for a claim under the FDCPA."  622 F.3d at 94.  In making

its determination, the Second Circuit noted:

> Federal courts have consistently ruled that filing a proof of claim in bankruptcy
> court (even one that is somehow invalid) cannot constitute the sort of abusive
> debt collection practice proscribed by the FDCPA, and that such a filing therefore
> cannot serve as the basis for an FDCPA action. . . . We join these courts.  The
> FDCPA is designed to protect defenseless debtors and to give them remedies
> against abuse by creditors.  There is no need to protect debtors who are already
> under the protection of the bankruptcy court, and there is no need to supplement
> the remedies afforded by bankruptcy itself.

*Id.* at 95-96 (citing *B-Real, LLC v. Rogers*, 405 B.R. 428, 431-32 (M.D. La. 2009); *Middlebrooks*

*v. Interstate Credit Control, Inc.*, 391 B.R. 434, 437 (D. Minn. 2008); *Gray-Mapp v. Sherman*,

100 F.Supp.2d 810, 813-14 (N.D. Ill. 1999)).  This court in *Poteet* also cited several other

federal courts reaching the same conclusion regarding FDCPA claims brought for filing a proof

of claim in a bankruptcy case.  *See e.g., McMillen v. Syndicated Office Sys., Inc. (In re*

*McMillen)*, 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010) (noting that filing "of duplicate proofs of

claim does not constitute the type of abusive conduct prohibited under Section 1692e(2)(A), (5)

or (10) of the FDCPA"); *Keeler v. PRA Receivables Mgmt., LLC (In re Keeler)*, 440 B.R. 354,

367-69 (Bankr. E.D. Pa. 2009); *Gilliland v. Capital One Bankr (In re Gilliland)*, 386 B.R. 622, 623

(Bankr. N.D. Miss. 2008); *Rice-Etherly v. Bank One, Nat'l Ass'n (In re Rice-Etherly)*, 336 B.R.

308, 312-13 (Bankr. E.D. Mich. 2006); *Cooper v. Litton Loan Servicing (In re Cooper)*, 253 B.R.

286, 291 (Bankr. N.D. Fla. 2000).

As all of the authorities above have concluded, this court also concludes that the filing of

a proof of claim, even an inflated one, in a bankruptcy case does not violate the FDCPA.  For

this reason the Plaintiff's FDCPA claim will be DISMISSED.  The court will GRANT the

Defendant's motion to dismiss.

### D.      Plaintiff's Allegations of Fraud

Defendant further argues that the Plaintiff's allegations of fraud have not been stated

with particularity as required by Fed. R. Civ. P. 9(b), as made applicable to adversary

proceedings by Fed. R. Bankr. P. 7009.  This court agrees.  Federal Rule of Civil Procedure

9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Although fraud is not listed

as a claim for relief in the Amended Complaint, the Plaintiff does allege that "the Creditor is

attempting by fraud, deceit and abuse of the bankruptcy process to receive disbursements from

the property of the Debtor's estate in bankruptcy in order to increase its profits."  Amended

Complaint, ¶ 22.  Reading the allegations in the light most favorable to the non-movant, the only

allegation that the Plaintiff makes is that the claim is for an amount that is different than the

amount the Plaintiff scheduled.  There are no specific facts alleged about why the Plaintiff's

number is right and the Defendant's is wrong, why the statement of account attached to the

claim is false, or what in the claim demonstrates the Defendant's intent to perform "actual fraud,"

defined by the Sixth Circuit Bankruptcy Appellate Panel as "any deceit, artifice, trick, or design

involving direct and active operation of the mind, used to circumvent and cheat another,"

against this Debtor.  *Mellon Bank v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th

Cir. 2001) (citing *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).  The Plaintiff listed

the Defendant as an unsecured creditor with a claim of $3,780.25 on her Schedule F.  [Bankr.

Case No. 09-15230, Doc. No. 1, p. 23].  The Defendant listed its claim in the amount of

$5,478.62.  Thus, the Amended Complaint reflects a dispute over the amount of money owed to

the Defendant rather than an attempt to increase profits through fraud.  The court concludes

that the Plaintiff has failed to provide sufficient details of the Defendant's alleged fraudulent

actions to support any cause of action for fraud.  Therefore, to the extent that the Plaintiff's

Amended Complaint alleges a claim of fraud, such claim will be DISMISSED.

### E.      Plaintiff's Request for Sanctions

In her Amended Complaint, the Plaintiff requests fees of $2,500.  The Defendant argues

that any such fees would be inappropriate at this time due to the Plaintiff's failure to comply with

Fed. R. Bankr. P. 9011.  This court agrees.  Rule 9011 requires that a motion for sanctions be

filed separately from other motions and must describe the specific conduct that violates the

Rule.  *See* Fed. R. Bankr. P. 9011(c)(1)(A).  Further, a motion for sanctions may not be filed or

presented to the court unless the alleged offending party has been provided with twenty-one

days to withdraw or correct the improper pleading.  *Id.*  The Plaintiff has failed to comply with

Fed. R. Bankr. P. 9011 in filing the request for a fee from the Defendant as a part of her

Amended Complaint.  Therefore, her request for such fees or sanctions will be DENIED.

### III.     Conclusion

As explained *supra*, the court concludes that the Plaintiff's Amended Complaint fails to

state claims for relief.  In addition, Plaintiff's claim for sanctions or other fees is without merit.

For these reasons, the court will GRANT the Defendant's motion to dismiss.  The Plaintiff's

request for fees will be DENIED.  The court will DISMISS this adversary proceeding.

A separate order will enter.

# # #